# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN ADREW KISTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:16-cv-01406-KOB-HNJ |
| | ) |
| QUALITY CORRECTIONAL | ) |
| HEALTH CARE, et al., | ) |
| | ) |
| Defendants. | |

## MEMORANDUM OPINION

The court VACATES its Memorandum Opinion of October 2, 2018 (doc. 75) and enters this Memorandum Opinion in its place:

The magistrate judge entered a report on March 12, 2018, recommending all claims in this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted , *except* the failure to provide adequate pain relief claim against defendants Quality Correctional Health Care, Dr. Raynon Andrews, Dr. Johnny Bates, Registered Nurse Charlotte Turner, Registered Nurse Nadine Clopton, Sheriff Ana Franklin, Warden Leon Bradley, Chief Corley, and Jail Administrator Larry Berzet and the retaliation claim against Sheriff Franklin and Dr. Bates. The magistrate judge also recommended that the court dismiss from this action defendants Nurse Nick Barton, Dr. Anaquansi, and the Morgan County Commission. (Doc. 67).

The plaintiff filed objections to the report and recommendation on March 21, 2018. (Docs. 68 & 69). The plaintiff objects to the dismissal of his psychiatric care claims, asserting the new allegation that he is being denied effective psychiatric medications because of the jail's "formulary" which allows only for medications which cause him "intolerable side effects." (Doc. 68 at 4-5). He contends that the use of a formulary results in denying or delaying treatment "for non-medical reasons," and that he is being denied appropriate and effective medications solely because the medications are not on the formulary. (*Id*. at 5).

However, the only "intolerable side effect" identified by the plaintiff is "penile pain," and he acknowledges he "can tolerate the psych meds if the [penile] pain is treated." (Doc. 68 at 4). In other words, he contends that "[b]y deliberately not treating [his] pain, they are also denying me effective psych meds (if prescribed) due to those meds increasing my untreated pain." (*Id*.). These statements show that the plaintiff has not been denied *effective* psychiatric medications, but only that he has been offered medications that allegedly exacerbate a physical condition that allegedly remains untreated by the other defendants.[1]

---

[1] This side effect (penile pain), and the alleged failure to adequately treat it, is the subject of the claims proceeding against the other medical defendants.

This conflict alone does not demonstrate that the *psychiatric* defendants have acted with "an attitude of deliberate indifference" towards his *psychiatric* needs. Absent such a showing, his complaint fails to establish the *subjective* component of an Eighth Amendment claim. *Taylor v. Adams* 221 F.3d 1254, 1258 (11th Cir. 2000). The court will **OVERRULE** the plaintiff's objections.

Furthermore, the plaintiff's contention that the psychiatric defendants have "deviated from professional standards" is not sufficient to state a constitutional claim. (Doc. 68 at 7). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Indeed, medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness. *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991).

The plaintiff's objection to the dismissal of the Morgan County Commission (doc. 68 at 10) lacks merit and the court will **OVERRULE** it. The plaintiff argues that the Commission has a duty to fund the jail. While a true statement, he has not plausibly alleged that the denial of medical care was the result of funding issues.

Citing *Ancata v. Prison Health Services*, 769 F.2d 700 (11th Cir 1985), the plaintiff makes the additional argument that the Commission is responsible for Quality Correctional Health Care's (QCHC) "no narcotics" policy, because the

3

Commission contracted with QCHC to provide care at the jail. (Doc. 68 at 11). However, in *Anacata*, a Florida statute made the county directly responsible for the healthcare of prisoners in county jails. 769 F.2d at 705 n. 7. But in Alabama, counties "have no duties with respect to the daily operation of county jails and no authority to dictate how the jails are run." *Turquitt v. Jefferson Cnty., Ala.*, 137 F.3d 1285, 1291 (11th Cir. 1998). For purposes of § 1983 liability, "[a] local government may be held liable … only for acts for which it is actually responsible." *Id*. at 1287 (*citing Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986)). So a federal court "must 'respect state and local law's allocation of policymaking authority,' and not "assume that final policymaking authority lies in some entity other than that in which state law places it." *Turquitt*, 137 F.3d at 1288) (*quoting McMillian v. Johnson*, 88 F.3d 1573,1577 (11th Cir. 1996)).

Because an Alabama Sheriff's authority over the operation of a county jail is "totally independent" of the county commission, and the Sheriff acts exclusively for the state in that capacity, the Morgan County Commission has no authority to promulgate policy at the Morgan County Jail and so cannot be held liable under authority of *Ancata*, which applied Florida law. See Turquitt, 137 F.3d at 1288, 1290.

Subsequent to his objections, the plaintiff submitted a motion to supplement his amended complaint with allegations regarding acts or omissions during the

period from August 23, 2016, to August 31, 2018. (Doc. 73). The court will **GRANT** the motion to the extent that his additional allegations (doc. 74) may be used to supplement his amended complaint (doc. 28). But, the supplemented facts do not change the results of this court's review of the magistrate judge's initial screening.

In the supplemental complaint (doc. 74), the plaintiff continues to allege that he has not been treated for his penile pain. The magistrate judge has recommended that this claim be allowed to proceed against certain of the defendants. These supplemental allegations do not change this recommendation.

The supplemental complaint also alleges the plaintiff began receiving additional psychiatric medications on June 13, 2018, and has been receiving psychological therapy since June 8, 2018. (Doc. 74 at 2). He contends he was told that one of the medications was ""on the formulary the entire time, just not prescribed for [him]." (*Id.*). The plaintiff argues that these facts demonstrate he was in need of these medications and therapy all along. (*Id.*).

But, as noted in the magistrate judge's report and recommendation, "disputes over delays in treatment (without more), unsuccessful treatment, or even negligence or medical malpractice do not meet the standard of deliberate indifference by a state actor." *Massey v. Quality Corr. Healthcare, Inc.*, No. 2:12-cv-101-WHA, 2015 WL 852054, *2 (M.D. Ala. Feb. 26, 2015). Additionally,

5

mere disputes between an inmate and medical staff as to treatment or diagnoses do not give rise to a cause of action under the Eighth Amendment. *Harris*, 941 F.2d at 1505. These additional allegations do not show the punitive intent necessary to state a constitutional claim. In fact, they continue to demonstrate ongoing attempts by the jail medical staff to treat his psychiatric issues, belying any suggestion that the defendants have displayed subjective indifference to his needs.

Finally, the plaintiff also alleges he was again placed in "medical observation" from January 28 to January 31, 2018, in retaliation for his complaints about medication side effects. (Doc. 74 at 2-3). The magistrate judge recommended the plaintiff's retaliation claim proceed against Sheriff Franklin and Dr. Bates, and these allegations do nothing to necessitate a change in that recommendation or the inclusion of additional defendants.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the plaintiff's objections, and the supplemental complaint, the court ADOPTS the magistrate judge's report and ACCEPTS his recommendation. The court finds that all the plaintiff's claims in this matter are due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief can be granted, *except* the failure to provide adequate pain relief claim against defendants Quality Correctional Health Care, Dr. Raynon Andrews, Dr. Johnny Bates, Registered

6

Nurse Charlotte Turner, Registered Nurse Nadine Clopton, Sheriff Ana Franklin, Warden Leon Bradley, Chief Corley, and Jail Administrator Larry Berzet and the retaliation claim against Sheriff Franklin and Dr. Bates; and the defendants identified as Nurse Nick Barton, Dr. Anaquansi, and the Morgan County Commission are due to be dismissed from this action.

The court further **ORDERS** that the remaining claims are **REFERRED** to the magistrate judge for further proceedings.

The court will enter a separate Order.

DONE and ORDERED this 3nd day of October, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE