# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN ANDREW KISTER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> QUALITY CORRECTIONAL ) <br> HEALTH CARE, et al., ) <br> ) <br> Defendants. | Case No.: 5:16-cv-01406-KOB-HNJ |

## MEMORANDUM OPINION

The magistrate judge filed a report on January 22, 2020, recommending the defendants' special reports (docs. 108 and 109) be treated as motions for summary judgment, and further recommending that those motions be granted and this action be dismissed with prejudice. (Doc. 136). The plaintiff filed timely objections. (Doc. 138). The plaintiff's motion for extension of time (doc. 137) therefore is **MOOT**.

The plaintiff's objections, as did his prior submissions, essentially demonstrate a difference of opinion with medical staff. The plaintiff argues he should have been provided tramadol for pain relief based on his claim to medical staff that he needed something stronger than ibuprofen, despite his refusal to try ibuprofen. (Doc. 138 at 1). The plaintiff asserts "my complaint clearly states I had previously tried these types of medication and that they were ineffective." (*Id.*).

Although the plaintiff claims the defendants "knew" non-narcotics to be ineffective, their source of this knowledge was plaintiff's claim that he told them ibuprofen and other NSAIDs were ineffective.[1] (*Id.*, at 1-3).

Deliberate indifference includes "grossly inadequate care," "a decision to take an easier but less efficacious course of treatment," and "medical care which is so cursory as to amount to no treatment at all." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (quotation marks omitted). The plaintiff alleges deliberate indifference based on a lack of tramadol for his complaints of chronic pain, despite his evidence that doctors outside of Morgan County Jail had prescribed it for him. However, all the Eighth Amendment requires for care to be constitutionally acceptable is that it not be "so grossly incompetent, inadequate, or excessive as to shock the conscience." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). The fact that the plaintiff has medical records from pain clinics prior to his detention demonstrating other medical professionals, outside of the jail, prescribed him

---

[1] The plaintiff's medical records demonstrate he told Dr. Andrews that ibuprofen, Tylenol, Elavil, Cymbalta, and Neurontin did not relieve his pain. (Doc. 108-1 at 25; doc. 108-2 at 18). In his complaint, the plaintiff asserts, "I am in constant pain in my penis and abdomen, I have directly told each one [of the defendants] this fact." (Doc. 28 at 5). In his objections, the plaintiff points to his prior statements as evidence that only tramadol can control his pain. (*See e.g.* doc. 112 at 9-10) ("Dr. Andrews himself listed some of the non-narcotic medications I have tried, so they were aware that they did not work **based on my word** ….") (emphasis added). However, all these statements---taken as true---establish only that the plaintiff told the defendants he was in pain, treatable only by tramadol. And that fact is uncontroverted. None of the defendants dispute that the plaintiff told them he was in pain or that only tramadol could control his pain. But this fact does not establish a constitutional violation.

narcotic pain medication, does not change this analysis. Jail medical care does not have to be "perfect, the best obtainable, or even very good." *Id.*, at 1510. Negligent treatment of a medical condition does not constitute a wrong under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Rather, the "refusal to provide proper medical treatment must not simply be a medical choice but a gross violation of accepted practice." *Howell v. Evans*, 922 F.2d 712, 721 n.9 (11th Cir. 1991).

The plaintiff further asserts that the fact he did not show any objective signs or symptoms of severe pain should not have deprived him of tramadol. (Doc. 138 at 2, 4). He asserts both that he demonstrated the appropriate amount of pain given his medical problems (*id.,* at 2-3, 6), and that penile neuropathy does not have any objective signs of pain (*id.*, at 4-5). However, even if the plaintiff established he was in moderate, or even severe pain, despite no outward signs of pain, the plaintiff refused the pain medication he was offered, insisting it would not be effective. At best, the plaintiff describes a difference in opinion between what he believed necessary to treat his pain and what the jail medical professionals believed effective to treat his pain.

A difference of opinion between the prison's medical staff and a prisoner concerning the proper course of treatment simply fails to support a claim of deliberate indifference. *Harris*, 941 F.2d at 1505; *Whitehead v. Burnside*, 403 F.

3

App'x 401, 403 (11th Cir. 2010); *see also Moore v. Corizon Medical Services,* 2018 WL 2225277, *14 (MD. Ala. Apr. 25, 2018) (desire for opioid and narcotic pain relievers over other treatment prescribed does not constitute deliberate indifference) (citing *Howell,* 922 F.2d at 721); *Brennan v. Thomas*, 2017 WL 4015655, *14 (M.D. Ala. Sept. 12 2017) ("Brennan has come forward with no evidence to contradict the medical evidence in the record except his own statements that he had pain and that certain medications alleviated it. Brennan may have preferred different medications … but the undisputed medical records demonstrate that defendants … provided Brennan with continuous medical review and treatment. Whether medical personnel 'should have employed additional ... forms of treatment "is a classic example of a matter for medical judgment" and therefore not an appropriate basis for liability under the Eighth Amendment.'") (quoting *Adams v. Poag*, 61 F.3d 1537, 1545-46 (11th Cir. 1995) (quoting *Estelle*, 429 U.S. at 107).

The plaintiff's argument that "I have 12 doctors in agreement versus one jail doctor" (doc. 138 at 3) does not change the outcome. The plaintiff further argues "You have one doctor versus 12, and that one doctor is more credible? I proved I have neuropathy. I proved I was on narcotic pain medication when I entered the jail, and I provide the defendants failed to provide that same level of care because of a no narcotic policy … (Doc. 138 at 7-8). This argument demonstrates nothing more than exactly what the plaintiff states, which is that he was on narcotic pain medication when he entered the jail and the jail medical personnel did not continue

4

the plaintiff on narcotics. What it does not provide is evidence that the medical personnel did so in deliberate indifference to the plaintiff's medical needs or that the plaintiff would have received no relief from the medications that were offered to him. *See e.g. Chatman v. Adcock,* 334 F. App'x 281, 290 (11th Cir. 2009) (finding that prison nurse's provision of ibuprofen following prisoner's attack by fellow inmate did not violate Eighth Amendment, despite fact that plaintiff had previously been prescribed stronger medication for pain relief); *Bismark v. Fisher,* 213 F. App'x 892, 897 (11th Cir. 2007) ("Nothing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own professional judgment to that of another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference."); *White v. Napoleon,* 897 F.2d 103, 110 (3rd Cir. 1990) ("If a plaintiff's disagreement with a doctor's professional judgment does not state a violation of the Eighth Amendment, then certainly no claim is stated when a doctor disagrees with the professional judgment of another doctor"); *Brennan*, 2017 WL 4015655, at *14 ("The mere fact that medical personnel who treated Brennan elsewhere at a different time and differed in their opinions as to the appropriate course of treatment for Brennan does not, without more, constitute deliberate indifference.").

The fact that the plaintiff received different or even better medical care outside of the jail does not satisfy the standard to establish the care he did receive was deliberately indifferent. The plaintiff states,

> [D]o you think you can just walk into a doctor's office and get narcotics? I went through a process starting with NSAIDs and ending with narcotics …. You have to actually read the medical documents I submitted and think. 12 different doctors prescribed me narcotics. Would they do that if Tylenol was effective" Are all of them---including specialists----wrong and Dr. Andrews right?"

(Doc. 138 at 5).

The correctness of Dr. Andrews' medical judgment is not properly before this court. Rather, the issue for this court is whether Dr. Andrews, or any other defendant, acted in deliberate indifference to the plaintiff's medical needs. The fact that the plaintiff was prescribed medication for his pain demonstrates the medical personnel were not deliberately indifferent to his complaints, but rather that they were willing to try multiple types of medications to provide him relief. *See e.g., Gause v. Diguglielmo,* 339 F. App'x 132, 136 (3d Cir. 2009) (where plaintiff asked for Ultram but was provided Motrin, court held the plaintiff established, at most, "a disagreement over the exact contours of his medical treatment."); *Swafford v. Tiggs-Brown*, 2018 WL 7395164, *8 (C.D. Calif. Oct. 22, 2018) ("[A]n Eighth Amendment deliberate indifference claim cannot be based upon a disagreement over the type and dosage of medication prescribed, and . . . an inmate is not entitled to his

6

or her medication of choice."); *Gallant v. Ahmed*, 2016 WL 4992015, *5 (S.D. Ohio Jun. 30, 2016) (same); *Pew v. Wetzel*, 2016 WL 751044, *5 (M.D. Penn. Jan. 15, 2016) (gathering cases).

The plaintiff argues the fact that "all they offered was NSAIDs and anti-depressants <u>when they knew they were ineffective</u> screams of deliberate indifference." (Doc. 138 at 4) (emphasis in original). However, the only source of this knowledge by defendants was the plaintiff's claim that nothing but tramadol worked for his pain. While the plaintiff asserts his inclusion of this statement in an affidavit precludes summary judgment (*id.*), an affidavit cannot establish that a medication the plaintiff refused to try would not have provided him any pain relief. *See e.g., Whitehead*, 403 F.App'x at 403 ("Self-serving statements by a plaintiff do not create a question of fact in the face of contradictory, contemporaneously created medical records."). At best, the plaintiff demonstrates that when he tried NSAIDs and other medications at some point in the past, those medications did not relieve his pain. Nothing in that statement demonstrates that he would have received no pain relief from NSAIDs or other medications, which he repeatedly refused to try, while at the Morgan County Jail.

The plaintiff next objects to the conclusion that he did not demonstrate deliberate indifference by the jail defendants. (Doc. 138 at 4). He asserts that his claim the jail policy that prohibited narcotic pain medication meets this showing. (*Id.*). However, the plaintiff agrees that the jail policy actually allows narcotic pain

medication for acute pain, but adds it was not allowed for chronic pain, such as he suffered. (*Id*.). But because the plaintiff refused to try any offered medications while in the jail, he cannot establish he would only obtain relief from tramadol and therefore suffered an injury because of this policy.

The plaintiff also claims the characterization that his claim "boils down" to an argument that he "did not receive the medical care he desired" is incorrect. The plaintiff states, "I don't 'desire' narcotic pain medication; I require it to effectively treat my condition." (Doc. 138 at 5) (emphasis in original). However, as previously stated, the plaintiff cannot establish the failure to provide him tramadol, as opposed to every other proffered medication, was in deliberate indifference to his medical needs, because he cannot establish that no other medications would work. *See Blanchard v. White County Detention Center Staff*, 262 F. App'x 959, 964 (11th Cir. 2008) (holding that jail's failure to provide detainee's preferred medication for seizures was not deliberate indifference because evidence did not show detainee asked for, or was willing to accept, substitutes).

Thus, at best, the plaintiff has established he did not receive the medical care he wanted. He has not shown that any defendant acted with deliberate indifference to his complaints of pain, but rather that he disagreed with the manner in which those medical providers sought to proceed. And even if the plaintiff could prove that the Morgan County Jail medical personnel did not understand his diagnosis of penile

8

neuropathy, or provided him inadequate care, at best he could show state law medical malpractice. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Monteleone v. Corizon,* 686 F. App'x 655, 659 (11th Cir. 2017) (where plaintiff was evaluated by medical staff each time he submitted a sick call request and did not establish his preferred medication was discontinued for "malicious or sadistic" reasons, no deliberate indifference was shown); *Cameron v. Thomas*, 2018 WL 3521190 *11 (S.D. Ala. June 22, 2018) ("The decision of Defendants to withhold certain narcotic medications and use substitute medication does not establish deliberate indifference."); *Turner v. Martin*, 2017 WL 6103389, *4 (N.D. Ala. Aug. 14, 2017) ("Our courts have recognized that there may be several acceptable ways to treat a particular injury, that a prison medical professional is free to exercise his or her own independent professional judgment, and that an inmate is not entitled to a particular course of treatment." (citations omitted); *Hernandez v. Sec'y Dep't of Corr.*, 2014 WL 11444109, *10, (S.D. Fla. Feb. 7, 2014) (holding that there was no deliberate indifference where plaintiff's prescribed pain medication Vicodin was confiscated upon his return to the prison, but plaintiff was prescribed aspirin).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the plaintiff's objections (doc. 138), the court **OVERRULES** those objections. The court **ADOPTS** the

9

magistrate judge's report and **ACCEPTS** the recommendation. The court **EXPRESSLY FINDS** that no genuine issues of material fact remain and the defendants are entitled to judgment as a matter of law. Accordingly, the defendants' motions for summary judgment (docs. 108 and 109) are due to be granted.

The court will enter a separate Final Judgment.

DONE and ORDERED this 19th day of February, 2020.

*/s/ Karon O. Bowdre*
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE