UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN ANDREW KISTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.  5:16-cv-01406-LSC-HNJ |
| QUALITY CORRECTIONAL HEALTH CARE, et al., | ) ) ) ) |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

This case proceeds before the court on plaintiff John Andrew Kister's ("Kister") request for the court to refund him $855 comprising the $350 filing fee to initiate this action and the $505 filing fee to initiate his appeal to the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit").  (Doc. 182 at 1).  For the reasons explained below, the court **DENIES IN PART** and **GRANTS IN PART** Kister's request.

Kister contends the court should refund the filing fees because he "won" and "the loser of the lawsuit pays the filing fees, not the winner."  (Doc. 182 at 1).  The court addresses separately the filing fee incurred to initiate this action and the filing fee incurred to initiate Kister's appeal.

### A.   District Court Filing Fee

When Kister filed this action, he became obligated to pay the $350.00 filing fee. *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the *parties instituting any civil action*….to pay a filing fee of $350…." (emphasis added)); 28 U.S.C. § 1914(c) (allowing the district court to require advance payment of fees); 28 U.S.C. §§ 1915(a)(1) & (2) (requiring a "prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees" to file an "affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor" and "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined"); 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner *shall be required to pay the full amount of a filing fee*." (emphasis added)); *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) ("Because the plain language of the [Prison Litigation Reform Act ("PLRA")] requires that each prisoner proceeding [in forma pauperis] pay the full filing fee, we hold that the district court properly dismissed the multi-plaintiff action in this instance."). Kister's obligation to pay the $350.00 filing fee did not change merely because Kister purportedly prevailed on

2

his claims. *See Phelps v. Kimbrell*, Case No. 3:23-cv-301-BJD-JBT, 2023 WL 6621077, at *1 (M.D. Fla. Oct. 11, 2023) ("[T]he clerk's collection of a civil filing fee is dependent on the filing of an action, not its disposition…." (citing 28 U.S.C. § 1914(a)).

In addition, Kister signed a Prisoner Consent Form on September 26, 2016, which provided in pertinent part:

> I understand that even if I am allowed to proceed *in forma pauperis* (in other words, without having to prepay the full filing fee) and even if my action is later dismissed for any reason, I am obligated to pay to the District Court Clerk the full amount of the [$350.00] filing fee. Additionally, I understand that the Court may enter judgment against me for payment of costs at the conclusion of the action, including any unpaid portion of the required filing fees. If the Court does so, I authorize the agency to make monthly payments from my account to the District Court Clerk in the manner described above until the full amount of the costs ordered is paid. I UNDERSTAND THAT MY OBLIGATION TO PAY THE FILING FEE IN FULL SHALL REMAIN IN FULL FORCE AND EFFECT, NOTWITHSTANDING ANY DISMISSAL OR TERMINATION OF THE LAWSUIT, UNTIL THE FULL FILING FEE OF $350.00 HAS BEEN PAID.

(Doc. 12 at 1) (emphasis in original). Finally, the Amended Order of Dismissal provided for the dismissal with prejudice of all claims against the defendants "with each party to bear its own costs and attorney fees." (Doc. 180 at 2).

Because 28 U.S.C. § 1915(b)(1) obligated Kister to pay the full amount of the $350 filing fee upon his filing of this case, Kister agreed to pay the $350 filing fee regardless of the outcome of his case when he signed the Prisoner Consent Form,

and this court ordered each party to bear its own costs and attorney fees, the court **DENIES** Kister's request for a refund of the $350.00 filing fee.

B.     **Appellate Court Filing Fee**

Similarly, when Kister filed his notice of appeal, he became obligated to pay the appellate filing fee. *See* 28 U.S.C. § 1913 & Judicial Conference Schedule of Fees; 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner *shall be required to pay the full amount of a filing fee*." (emphasis added)); *Hubbard*, 262 F.3d at 1198 ("[Section] 1915(b)(1) explicitly encompasses appellate filing fees, requiring each prisoner to pay the full amount of the appellate filing fee."); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997) ("[T]o the extent the PLRA's filing fee requirements conflict with Federal Rule of Appellate Procedure 24(a), the [PLRA's] provisions control.").

In addition, Kister signed a Prisoner Consent Form on Appeal on May 6, 2020, which provided in pertinent part:

> **I UNDERSTAND THAT EVEN IF I AM ALLOWED TO PROCEED *IN FORMA PAUPERIS* (IN OTHER WORDS, WITHOUT HAVING TO PREPAY THE FULL APPELLATE FILING FEE) AND EVEN IF MY APPEAL IS LATER DISMISSED FOR ANY REASON, I AM OBLIGATED TO PAY TO THE DISTRICT COURT CLERK THE FULL APPELLATE FILING FEE OF $505.00.** Additionally, I understand that the Court may enter judgment against me for payment of costs at the conclusion of the appeal, including any portion of the required appellate filing fees. If the Court does so, I also authorize the agency to make monthly payments from my account to the District Court Clerk in the manner described above until the full amount of the costs ordered is paid.

(Doc. 155 at 1) (emphasis in original).

However, the Eleventh Circuit taxed costs to the appellees[1] following the issuance of its mandate in Kister's appeal. (*See* Doc. 163-1 at 17). Furthermore, the default rule provides "if a judgment is reversed, costs are taxed against the appellee." Fed. R. App. P. 39(a)(3). Moreover, per Rule 39 of the Federal Rules of Appellate Procedure, the fee for filing the notice of appeal constitutes a cost on appeal "taxable in the district court for the benefit of the party entitled to costs under this rule." Fed. R. App. P. 39(e).

Considering the foregoing, the court finds Kister stands entitled to a refund of that portion of the $505 appellate filing fee he has paid. Although Kister contends he paid the full $505 appellate filing fee, the Clerk of Court confirmed the court has only received $65.04 toward the appellate filing fee as of November 15, 2024. Accordingly, the court **GRANTS** Kister's request as to the $65.04 portion of the appellate filing fee he has paid.

---

[1] The Eleventh Circuit reversed summary judgment "as to the claim of deliberate indifference to a serious medical condition." (Doc. 163-1 at 15). Kister brought his deliberate indifference claim against defendants Quality Correctional Health Care, Dr. Raynon Andrews, Dr. Johnny Bates, Registered Nurse Charlotte Turner, Registered Nurse Nadine Clopton, Sheriff Ana Franklin, Warden Aaron Dawson, Chief Corley, and Jail Administrator Larry Berzet. (*See* Doc. 77 at 6-7; Doc. 82; *see also* Doc. 177 & Doc. 178). The foregoing defendants constitute the referenced appellees.

### C. Lawsuit Proceeds

Kister also asks whether the "PLRA 20% mandate appl[ies] to winnings from a federal lawsuit." (Doc. 182 at 1). 28 U.S.C. § 1915(b)(2) requires prisoner plaintiffs to make monthly payments to the court of 20 percent of the preceding month's income credited to his prison account. The statute further requires the prison to forward such payments from a prisoner plaintiff's account to the clerk of this court each time the amount in the account exceeds $10 until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(2). Kister points to no law, and the court is aware of none, which exempts lawsuit proceeds from the requirements of § 1915(b)(2). To the extent Kister requests this court refund his recent payments towards the filing fees in this case because lawsuit proceeds stand exempt from the requirements of the PLRA, the court **DENIES** his request.

**DONE** and **ORDERED** on November 20, 2024.

_____
L. Scott Coogler
United States District Judge

160704

6