UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**JOHN ANDREW KISTER,**
    Plaintiff,

v.

**QUALITY CORRECTIONAL
HEALTH CARE, et al.,**
    Defendants.

5:16-cv-1406-CLM-HNJ

## MEMORANDUM OPINION AND ORDER

Plaintiff John Andrew Kister moves under Rule 60(b)(6) for the court to reconsider its order denying his request to refund him the $350 filing fee. (Doc. 187). Kister also moves for the court to order the Alabama Department of Corrections ("ADOC") to provide him with an accounting of all money taken from his prisoner account to pay for his federal court filing fees. (Doc. 189). For the reasons explained below, the court **DENIES** Kister's motions (docs. 187, 189).

### A.   Motion for Partial Reconsideration

On November 20, 2024, the court denied Kister's request to refund him this court's $350 filing fee "[b]ecause 28 U.S.C. § 1915(b)(1) obligated Kister to pay the full amount of the filing fee upon his filing of this case, Kister agreed to pay the $350 filing fee regardless of the outcome of this case when he signed the Prisoner Consent Form, and this court ordered each party to bear its own costs and attorney fees." (Doc. 184, pp. 3–4). Kister argues that the court erred because Defendants only chose to settle this lawsuit after the Eleventh Circuit reversed this court's order granting summary judgment for Defendants. (Doc. 187, p. 1). According to Kister, his success on appeal makes him a prevailing party entitled to recover costs, such as filing fees, under Fed. R. Civ. P. 54(d)(1). (*Id.*). Kister also says that the court's "Amended Order of Dismissal" is wrong because the order should have taxed costs to Defendants. (*See id.*).

Fed. R. Civ. P. 54(d)(1) says "[u]nles a federal statute, these rules, *or a court order* provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1) (emphasis added). The amended order of dismissal says that each party is "to bear its own costs and attorney fees," (doc. 180, p. 2), so Rule 54(d)(1) doesn't require the court to order Defendants to pay Kister for the $350 filing fee.

It was also proper for the amended order of dismissal to require the parties to bear their own costs. Kister's pro tanto stipulation of dismissal with Defendants Quality Correctional Healthcare, Inc., Raynon Andrews, M.D., Johnny Bates, M.D., Charlotte Turner, R.N., and Nadine Clopton, R.N., stated "costs [would be] taxed as paid." (Doc. 177). And Kister's stipulation of dismissal with Defendants Sheriff Ana Franklin, Warden Aaron Dawson, Michael Corley, and Larry Berzett provided that "each party [was] to bear its own costs and attorney fees." (Doc. 178). Thus, the court's amended order of dismissal, which "acknowledge[d] both stipulations of dismissal" appropriately required "each party to bear its own costs and attorney fees." (Doc. 180).

Because the amended order of dismissal said that each party would bear its own costs and that order was consistent with the stipulations of dismissal signed by Kister and filed by the parties, the court will not order Defendants to pay Kister the $350 filing fee. The court thus **DENIES** Kister's motion for partial reconsideration of adverse order (doc. 187).

### B. Motion for Document

Kister's motion for document asks the court to order ADOC to provide Kister a financial accounting of all money taken from his prison account to pay federal court filing fees, which includes the date, amount, and associated case number for all such transactions. (Doc. 189, p. 1). ADOC denied Kister his requested accounting because Kister has not paid the $0.50 per page copying fee. (*See* Doc. 189-1). The Clerks of Court for the United States District Courts for the Middle and Northern Districts of Alabama have denied Kister's requests for a financial accounting from those courts for the same reason—Kister failed to pay the $0.50 per page copying charge. (*See* Doc. 189, p. 1; Doc. 189-2).

To the extent that Kister requests a free financial accounting from this court, the court **DENIES** Kister's request. The court requires litigants to pay a copying charge of $0.50 per page for copying documents and copying charges must be paid advance. So Kister must pay the copying charges if he desires a copy of the financial records this court maintains on the filing fees he has paid in this court.

To the extent that Kister requests a free copy of a financial accounting from ADOC, the court also **DENIES** this request. Kister isn't entitled to free copies of financial information from ADOC. (*See* Doc. 81, p. 8 (Court's order for special report informing the parties "that authorization to proceed *in forma pauperis* in this court does not obligate a party to bear the costs of discovery requested by another party. If a defendant provides an opportunity for review of documents, . . . [he] may require the plaintiff bear the reasonable cost of copying production."); *see also* Ala. Dep't of Corrs., Admin. Reg. 112 Court Ordered Withholding from Inmate Funds, 3 (2022) (entitling an inmate to two copies of an Escrow Transaction Report per year but not two *free* copies), *available at* https://doc.alabama.gov/docs/AdminRegs/AR112.pdf (last accessed March 31, 2025). So the court **DENIES** Kister's motion for document (doc. 189).

**Done** and **Ordered** on April 1, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE