UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JOHN ANDREW KISTER,**<br>    Plaintiff,<br><br>v.<br><br>**QUALITY CORRECTIONAL**<br>**HEALTH CARE, et al.,**<br>    Defendants. | 5:16-cv-1406-CLM-HNJ |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Andrew Kister moves for the court to return overpayment of the filing fee (doc. 193) and for clarification (doc. 194). For the reasons stated within, the court **DENIES** Kister's motion to return overpayment of filing fee (doc. 193) and **GRANTS** Kister's motion for clarification (doc. 194).

### I.   MOTION TO RETURN OVERPAYMENT OF FILING FEE

In his motion to return overpayment of the filing fee, Kister says that this court granted his petition to order the return of the money he has paid toward the $350 filing fee he incurred to initiate this action. (*See* Doc. 193, p. 1 ("I petitioned the court to return the district court filing fee to me, which was granted—Document #185.")). But the court did not order that Kister be refunded ***the district court filing fee***. Nor did the court order the Bibb Correctional Facility to stop deducting money from Kister's prison account as Kister contends. (*See id.*). Instead, the court denied Kister's request for a refund of the $350 filing fee "[b]ecause 28 U.S.C. § 1915(b)(1) obligated Kister to pay the full amount of the $350 filing fee upon his filing of this case, Kister agreed to pay the $350 filing fee regardless of the outcome of his case when he signed the Prisoner Consent Form, and this court ordered each party to bear its own costs and attorney fees." (Doc. 184, pp. 3–4).

The court did, however, direct the Clerk of Court to refund Kister the $65.04 he paid toward the $505 *appellate court filing fee* in this case. (*See* Doc. 185). The court also directed Kister's facility to stop deducting money from Kister's account to pay the *appellate filing fee*. (Doc. 183, pp. 1–2) ("[T]he warden or chief jailer is **DIRECTED** to stop withholding money from the plaintiff's inmate accounts for *the appellate filing fee* in this case. The warden or chief jailer is **ADVISED** this order applies only to *the appellate filing fee* in this action and not to any other action the plaintiff may have pending." (emphasis added)). Consistent with the court's directive, the Clerk's Office sent Kister a cashier's check of $65.04 in December 2024. (*See* Doc. 193, p. 3). And nothing in the record suggests that Kister has had money deducted from his inmate account to pay the appellate court filing fee since the court's order directing Kister's facility to stop withholding money for payment of that fee.

As for Kister's claim that he does not owe any money in this case, the court has reviewed its financial records and finds that Kister has paid the $350.00 district court filing fee for initiating this action. So the court will enter a separate order directing the Bibb Correctional Facility to stop withholding money for the filing fee. But the court **DENIES** Kister's motion for return of overpayment of filing fee (doc. 193). This court does not accept overpayments of filing fees. The court's financial department checks a case balance before accepting and receiving funds. If the court receives a payment over the amount owed, it returns the payment to the prison stating the balance due and the amount overpaid. The court's order directing the warden to stop withholding money from Kister's inmate accounts will direct the Clerk's Office to follow this established process with respect to any funds the court has received from Kister.

To the extent that Kister asks this court to examine and rectify errors made by prison officials in collecting and disbursing mandated PLRA payments, the court **DENIES** his request. The legal issues resolved in this lawsuit are unrelated to Kister's current dispute. If Kister wishes to pursue legal remedies against prison officials for their purported mishandling of the funds in his prison escrow account, he must file a separate lawsuit against those prison officials.

## II.   MOTION FOR CLARIFICATION

Kister's motion for clarification states that he is unclear about what the court stated in its amended order of dismissal because someone stole all of his property, including his paperwork, in 2023. (Doc. 194). So Kister asks the court to send him a copy of his settlement agreement and the amended order of dismissal. (*See id.*). The court **GRANTS** Kister's motion (doc. 194) and **DIRECTS** the Clerk of Court to mail Kister a copy of this order along with a copy of the following documents in the court file: (1) the Pro Tanto Stipulation of Dismissal (Doc. 177); (2) the Joint Stipulation of Dismissal (Doc. 178); (3) the February 17, 2023, Order of Dismissal (Doc. 179); and (4) the February 22, 2023, Amended Order of Dismissal (Doc. 180).

**Done** and **Ordered** on May 14, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE